D. Dean DeLANEY, Jr., et al., Appellants,

v.

Gathon L. REASOR et al., Appellees.

Court of Appeals of Kentucky.

March 17, 1972.

Rehearing Denied May 26, 1972.

Henry R. Heyburn, Joseph B. Helm, Marshall, Cochran, Heyburn & Wells, Louisville, for appellants.

Edward S. Bonnie, Brown, Eldred & Bonnie, Stuart E. Lampe, Wyatt, Grafton & Sloss, Alexander G. Booth, Louisville, for appellees.

EDWARD P. HILL, Judge.

This appeal seeks to reverse a judgment construing a provision in an "agreement and property settlement" between D. Dean DeLaney and his first wife, Mary B. DeLaney, entered into in April 1960. We affirm.

The pertinent paragraph of the agreement and settlement contract is as follows:

"2. The Husband agrees to convey contemporaneously with the execution of this instrument all his right, title and interest in the real estate owned by the parties at 19 Rio Vista Drive, free and clear of all encumbrances, except easements and restrictions of record, current state and county taxes for the year 1960, and a first mortgage lien held by the American Life Insurance Company securing a mortgage in the original amount of $25,000.00, the principal amount of which is now approximately $24,500.00 to all of which said conveyance shall be made subject, which real estate shall thereafter be held and retained by the wife as her separate property free and clear of all claims of the Husband who agrees to pay the monthly installments of said mortgage, principal and interest, as such become due until the same are fully paid and satisfied. In the event the wife shall sell the real estate prior to the payment of the said mortgage and the purchaser thereof shall assume the principal balance thereof, the Husband agrees to pay the wife monthly payments in an amount equal to the monthly payments on said mortgage indebtedness for such a period as is required to completely pay the wife the total unpaid balance of said mortgage."

After the DeLaneys were divorced in 1960, they both remarried. Mary B. was married to appellee Gathon L. Reasor; the name of Mr. DeLaney's second wife is unimportant.

D. Dean DeLaney died in 1965, leaving the appellants D. Dean DeLaney, Jr., John Edward DeLaney and Patricia Stirneman as his lawful heirs. Mary B. Reasor died testate in 1967. Under her will, she devised all her estate to appellee Gathon L. Reasor.

For a short period after the death of D. Dean DeLaney, his coadministrators with the will annexed continued to make the payments on the mortgage referred to in the above contract. Some time after they discontinued making the periodic payments on the mortgage, the appellee Reasor sold the property and paid the balance due on the mortgage, which then amounted to something over $17,000. He then sued the DeLaney estate for the balance due on the mortgage and for other sums about which there is no dispute. The trial court entered judgment for Reasor.

In an effort to upset the judgment, appellants present the following three arguments:

"I. The obligation to make mortgage payments was personal in nature and did not survive death of obligee.

"II. The alleged obligation, regardless of the survivorship question, termi-

nated upon sale of mortgage property pursuant to agreement.

"III.  Judgment in further error because it accelerated alleged indebtedness in direct conflict with agreement."

The appellees undertake to refute the appellants' arguments.

The chancellor in his memorandum opinion had this to say relative to appellants' contention that the obligation to pay the balance of the mortgage debt terminated with the death of Mr. DeLaney:

"First, I have no difficulty in holding that this obligation did not die with either of the parties to the Property Agreement in the divorce action.  The Agreement was drawn by apparently skillful lawyers.  The provisions for child maintenance and periodic alimony had carefully drawn terminal provisions.  The clause about the Rio Vista residence taken together with the disclaimers in paragraph 8 clearly indicate that Mary took the Rio Vista residence (with his agreement to pay off the mortgage as the installments became due) and relinquished any claim to his other property.  Had the divorce not been settled, she might well have been awarded judgment for $150,000 or $200,000 out of a $500,000 or $600,000 'paper' estate.  Heustis v. Heustis (Ky.1961), 346 S.W. 2d 778."

We have no hesitancy in adopting the language of the chancellor with respect to appellants' first argument.

■  Appellants' second argument is hopelessly without merit in view of the plain language of the contract which provided that "in the event the wife shall sell the real estate prior to the payment of the said mortgage and the purchaser thereof shall assume the principal balance thereof, the husband agrees to pay the wife monthly payments in an amount equal to the monthly payments on said mortgage indebtedness for such a period as is required to completely pay the wife the total unpaid balance of said mortgage."  Clearly the intention of the parties under the above part of the contract was that the wife should have this particular home at 19 Rio Vista Drive absolutely and "free and clear of all encumbrances, except easements and restrictions of record," as a part of the property settlement, not alimony.

■  We next come to appellants' final argument which is that the mortgage debt was not accelerated by the failure of the co-administrators to make monthly payments on the mortgage.  They contend that the estate is entitled to continue the monthly payments if it is finally determined the balance of the mortgage constitutes a valid indebtedness of the estate and that appellee Reasor is not entitled to a judgment for the full amount of the unpaid balance.

■  The mortgage contained an acceleration clause under which the mortgagee clearly had a right to accelerate the debt upon default in payment by the mortgagor.  Mr. DeLaney, being a party to the mortgage, was charged with the knowledge of the provisions of the mortgage.  Inasmuch as appellee Reasor became the real beneficiary of the mortgage payments, he was subrogated to the rights of the mortgagee to accelerate the debt upon default by the mortgagor, or Mr. DeLaney.  50 Am.Jur., Subrogation, § 97, p. 742.  It is possible he would have lost his equity in the property by foreclosure had he not sold it and paid the balance of the mortgage debt.

The chancellor stated in his memorandum opinion: "The actual precipitation seems more unprecedented.  It would present a hard case to decide had the personal representative kept up the payments.  He did not.  Reasor had to pay off in a lump sum the balance, $17,923, not a discounted sum."  We conclude, as did the chancellor, that the balance of the mortgage debt was accelerated by the appel-

lants' failure to make the payment as agreed upon.

The judgment is affirmed.

All concur.